RECEIVED
JAN 1 2 2006
ROBERT H. ... CLERK
WESTERN ... OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Robert L. Hunt and Yvonne L. Manecke | Civil Action No. 6:04-CV-2392 |
| versus | Judge Tucker L. Melançon |
| William H. Gray, et al. | Magistrate Judge Hill |

## MEMORANDUM RULING

Before the Court is Plaintiffs Robert L. Hunt and Yvonne L. Manecke's Motion for Summary Judgment [Rec. Doc. 29], Defendants William H. Gray, McElroy Truck Lines, Inc. and Protective Insurance Company's Opposition [Rec. Doc. 32], and Plaintiffs' Supplemental Motion [Rec. Doc. 34]. For the following reasons, Plaintiffs' Motion for Summary Judgment will be denied.

### I. Background

On November 16, 2003 Plaintiffs were involved in an automobile accident with William Gray.[1] The incident occurred on Interstate 10 - West near the La. 182/North University exit. At the time of the accident, a police vehicle with its emergency lights flashing was traveling up the exit ramp in the opposite direction of exiting traffic. As

---

[1] At the time of the accident, William Gray was employed by McElroy Truck Lines, Inc., which was insured by Protective Insurance Company.

1

Yvonne Manecke, driver of the lead car, reacted to the approaching police unit, William Gray, driver of the following car, rear-ended her. At the time of the accident, Manecke was driving her father, Robert Hunt, in a vehicle he owned.

Subsequently, Plaintiffs filed this suit in the Fifteenth Judicial District Court, State of Louisiana on November 22, 2004. On that same day, Defendants removed this matter to federal court.

## *II. Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)(en banc). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.*

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the Court to evidence in the record sufficient to establish that

there is a genuine issue of material fact requiring a trial. *Id.* The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Little*, 37 F.3d at 1075. If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the Court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the Court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. Analysis

In their Motion, Plaintiffs seek a ruling on the issue of Defendants' liability as a matter of law. Louisiana law unequivocally holds that a following motorist involved in a rear-end collision is presumed to be negligent, and bears the burden of proving otherwise. See *Alexander v. Ford*, 866 So. 2d 890, 896 (La. App. 5 Cir. 1/27/04); *Slocum v. American Casualty Insurance Co.*, 189 So. 2d 299, 301 (La. App. 3 Cir. 8/3/66). Both parties provide case law establishing this principle.[2]

Both parties also provide the Court with the accepted standard applied by Louisiana courts in overcoming this presumption. To rebut the presumption of fault,

---

[2] La. R.S. 32:81 also provides, "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."

3

a following motorist must establish that he kept his car under control, carefully observed the vehicle in front of him, allowed a safe distance between his vehicle and the preceding motorist under the circumstances *or* prove that the lead motorist was negligent in creating the hazard which the following motorist could not reasonably avoid. See *Menard v. Federal Mutual Ins. Co.*, 906 SO. 2d 746, 749 (La. App. 3 Cir. 6/22/05); *Slocum* at 301.

Based on the record before the Court, there is disagreement between the parties concerning the lead motorist's braking reaction and location immediately prior to impact. Yvonne Manecke, one of the plaintiffs and driver of the lead car, stated in her deposition, "I applied my brakes after I saw him. I didn't slam on my brakes. I just slowed down." (*Manecke Dep.*, p. 120). She further claims to have yielded on the exit ramp to allow the police squad car to pass. According to Plaintiffs, Manecke's actions comported with Louisiana traffic laws concerning approaching emergency vehicles. William Gray, one of the defendants and driver of the following vehicle, perceived Manecke's reaction differently. In a sworn affidavit, Gray claims that Manecke "slammed on her brakes and did a panic stop on the interstate when she saw police lights." (*Gray Affidavit*, ¶ 5). Further, Defendants believe Manecke acted in violation of the same traffic law cited by Plaintiffs concerning approaching

4

emergency vehicles.[3] As such, Defendants aver that her negligence, in some part, contributed to the collision.

The parties have each submitted different versions of the relevant facts. A case in such a posture is not properly disposed of by summary judgment. A motion for summary judgment can only be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Before a court can find that there are no genuine issues of material facts it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v. Chevron, U.S.A.Inc.*, 920 F.2d 272 (5th Cir. 1991). Accordingly,

IT IS ORDERED that the Motion for Summary Judgment filed by Plaintiffs, Robert Hunt and Yvonne Manecke [Rec. Doc. 29], is DENIED.

Thus done and signed this 12th day of January, 2006 at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge

---

[3] Both Plaintiffs and Defendants rely on La. R.S. 32:125 as establishing the procedure that a motorist must follow on the approach of an authorized emergency vehicle.